# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD BLAIR MENCHYK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 10-1260 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

**CONTI**, District Judge.

Plaintiff Richard Blair Menchyk ("Plaintiff" or "Menchyk") filed a complaint in this court on November 2, 2010, which was referred to a United States Magistrate Judge for a report and recommendation ("R&R") in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The R&R (ECF No. 17) was filed on December 13, 2011, and recommends that Plaintiff's Motion for Summary Judgment (ECF No. 7) be denied, and the Motion for Summary Judgment (ECF No. 13) filed by Defendant Commissioner of Social Security ("Defendant" or "Commissioner") be granted. The parties were allowed fourteen days from the date of service in which to file objections to the R&R. Plaintiff filed timely objections (ECF No. 18) and Defendant's Response (ECF No. 19) was filed January 6, 2012. After reviewing the pleadings and accompanying factual record in this case, together with the R&R, the court will adopt the R&R. Each of Plaintiff's objections will be addressed.

**a. Procedural Due Process**

Plaintiff first objects to the R&R by arguing that he adequately established good cause for failing to appear at his administrative hearing (R. at 47-58)[1] before the administrative law judge ("ALJ") on August 10, 2009, and that the ALJ's finding otherwise, and the R&R's affirmance of this decision, deprived him of his procedural due process right to a rehearing. (ECF No. 18 at 2-11). Defendant argues that the ALJ afforded Plaintiff an adequate opportunity to be heard, and that the conclusion reached in the R&R should be adopted as the opinion of this court. (ECF No. 19 at 1-2). Judicial review is plenary as to this objection. *Schaudeck v. Comm'r Soc. Sec.*, 181 F. 3d 429, 431 (3d Cir. 1999).

As stated in the R&R, in order to state a procedural due process claim, a plaintiff must make two showings: first, there must be a deprivation of a protected interest; second, there must have been a failure to provide the process which was due. *Bridgeforth v. Am. Educ. Serv.*, 412 F. App'x 433, 435-36 (3d Cir. 2011) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)). While Plaintiff failed to establish explicitly the first showing, it has been recognized that "the 'right' to Social Security benefits is in one sense 'earned.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Flemming v. Nestor*, 363 U.S. 603, 610 (1960)).

Assuming that there is a protected interest in Plaintiff receiving disability benefits, it must still be shown that the deprivation was without due process. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Determining "the extent to which procedural due process must be afforded the recipient is influenced by the extent to which he may be 'condemned to suffer grievous loss.' Accordingly 'consideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well

---

[1] Citations to ECF Nos. 4 – 4-7, the Record, *hereinafter*, "R. at __."

as of the private interest that has been affected by government action.'" *Perales*, 402 U.S. at 402 (quoting *Goldberg v. Kelly*, 397 U.S. 254, 262-63 (1970)).

Due process, "unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances." *Eldridge*, 424 U.S. at 334 (quoting *Cafeteria Workers v. McElroy*, 367 U.S. 886, 895 (1961)). "Due process is flexible and calls for such procedural protections as the particular situation demands." *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)). In order for the court to determine that procedural due process was sufficient in light of governmental and private interests, the court must consider how private interests will be affected by official action, the risk of erroneous deprivation and the effectiveness of additional procedural safeguards, and the burden placed upon the government. *Id.* at 335.

In the present case, the record reflects that Plaintiff acknowledged receiving proper notice of his administrative hearing date, time and location. (R. at 111-12). The ALJ waited approximately fifteen minutes to begin the hearing in an effort to accommodate Plaintiff's alleged difficulty with transportation to the hearing. (R. at 49-51). When Plaintiff did not appear, the ALJ held the hearing with Plaintiff's counsel present. (R. at 9-57). Plaintiff's counsel cross-examined the vocational expert and discussed evidence of Plaintiff's limitations with the ALJ. (R. at 51-52, 54-57). Following the hearing, Plaintiff received a Notice to Show Cause for Failure to Appear from the ALJ, and promptly responded. (R. at 111-12).

In his letter to the ALJ, Plaintiff claimed that the night prior to the administrative hearing, he was to ride with his father from his mother's home to the home he shared with his father, near Plaintiff's counsel's office. (Id.). The next morning, Plaintiff's counsel was to provide Plaintiff with a ride to the hearing. (Id.). For an unspecified reason, Plaintiff's father never arrived to take Plaintiff home. (Id.). Plaintiff made no mention of any attempt to secure alternative means of

3

transportation home until the morning of the hearing. (Id.). At that time, Plaintiff allegedly called his mother at her place of employment for a ride, but she was unable to offer him assistance. (Id.). Plaintiff contacted his attorney's secretary to request that the hearing be postponed. (Id.). Plaintiff also attempted to call his attorney for a ride, but as a result of his use of all pre-paid minutes on his cellular phone, he was not able to get in contact with his attorney and had no other transportation options. (Id.).

The ALJ found that Plaintiff's explanation was not good cause and did not justify scheduling a rehearing. (R. at 15). On a plenary review, this court agrees. Plaintiff knew the night prior to the hearing that his transportation could be a problem because his father did not come to take him back home. Yet, he made no effort that night to arrange alternative transportation. He called his counsel's office the next morning to request a continuance and when his phone ran out of minutes he could not make other arrangements. The conduct of Plaintiff the night before in not making adequate travel arrangements when he knew his father did not come for him was the triggering cause for his failure to appear and does not constitute such an unexpected event that he should be excused from failing to appear. (HALLEX 1-2-4-25B).

Even if the review were not plenary, the ALJ noted the lack of documentation from Plaintiff's parents or his cellular phone carrier as evidence of his alleged difficulties prior to the administrative hearing as the determinative factor for the ALJ. (R. at 15). Nonetheless, Plaintiff had the opportunity to submit additional evidence, and the ALJ did consider this evidence following the date of the administrative hearing. (R. at 6, 15). The ALJ provided Plaintiff with a written decision detailing the reasons for the denial of benefits. (R. at 12-23). The Appeals Council also considered additional evidence submitted by Plaintiff before denying reconsideration. (R. at 5).

Based upon the above facts, Plaintiff was afforded adequate due process. The deprivation of disability benefits in this case was not as severe as the deprivation in *Eldridge*. Unlike the claimant in *Eldridge*, Plaintiff was not previously conferred disability benefits. Plaintiff also was not formerly in the position of relying upon disability benefits, only to have the benefits rescinded. Even given the significant nature of the deprivation in *Eldridge*, the Supreme Court of the United States stated that "the ultimate issue which the state agency must resolve is whether in light of the particular worker's 'age, education, and work experience,' he cannot 'engage in any substantial gainful work which exists in the national economy;'" and, that "[t]he value of an evidentiary hearing, or even a limited oral presentation, to an accurate presentation of those factors to the decisionmaker does not appear substantial." *Eldridge*, 424 U.S. at 344 n.28. It must be noted that the Court's statement was made in light of the claimant having developed a full medical record for review, and the claimant's opportunity to seek an appeal and hearing immediately after denial of his benefits.

In the present case, unlike the claimant in *Eldridge*, Plaintiff had the opportunity to attend a hearing but, without good cause, did not attend the hearing. A record was developed. Plaintiff also has the ability to reapply for benefits and request another hearing. Given that Plaintiff was afforded an opportunity to attend a hearing, had his attorney present at the hearing, and had alternative means of establishing his disability outside of a hearing, Plaintiff fails to persuade this court that due process was not provided. *See Kiiker v. Astrue*, 364 F. App'x 408 (10th Cir. 2010).

His attorney represented him at the hearing and he was allowed the opportunity to submit additional evidence to the ALJ after his hearing date. He was able to appeal to the Appeals Council, at which point he again was allowed to submit additional evidence. Even though denied reconsideration by the Appeals Council, Plaintiff had recourse to this court. It is noteworthy that

Plaintiff may reapply for benefits and seek another hearing in the future. Plaintiff simply failed to take advantage of an opportunity to testify. He failed to provide sufficient evidence of good cause to justify a rehearing. The number of claimants seeking disability benefits from the Social Security Administration places exceptional demands on an administrative law judge's time. It does not seem unreasonable that the ALJ would have expected more than unsupported averments to justify rehearing, and it is telling that Plaintiff provided no evidence to support his transportation woes or to explain why he did not make alternative arrangements the night before the hearing when he should have anticipated travel problems due to his father's not coming to take him home.

### b. Medical Opinions and the ALJ's Hypothetical Question

In his objections, Plaintiff next argues that the ALJ erred in failing to give proper credit to his treating medical sources, and by failing to formulate a hypothetical question to the vocational expert that incorporated all of his credibly established limitations. (ECF No. 18 at 11-12). Though objecting to the findings within the R&R, Plaintiff does not point to any specific errors made by the United States Magistrate Judge in her decision, and provides no actual argument except by reference to his original motion for summary judgment, stating that "[t]he remaining two arguments made by Plaintiff in his main Brief in Support of Motion for Summary Judgment are incorporated in these Objections as if fully set forth herein." (ECF No. 18 at 11-12). The court finds no error in the R&R.

As pointed out in the R&R, there were numerous inconsistencies between the medical record, Plaintiff's own statements, and the findings of various medical professionals. The ALJ did not err in attributing little weight to the more extreme findings of Drs. Randon Simmons and

Robert Eisler. The failure of the ALJ to discuss two global assessments of functioning scores provided by Drs. Simmons and Eisler, in light of his thorough discussion of the medical notes accompanying each score, is not sufficient to justify remanding the case for the scores' inclusion. Plaintiff provided no support for his contention that the ALJ's hypothetical question was not sufficiently inclusive. This court concludes that the decision by the ALJ to deny benefits was supported by substantial evidence.

**Conclusion**

Based upon the foregoing, the Report and Recommendation of United States Magistrate Judge Kelly (ECF. No. 17) is affirmed and adopted as the opinion of this court as supplemented by this memorandum opinion. An appropriate order will follow.

    By the court,

    *s/ Joy Flowers Conti*
    Joy Flowers Conti
    United States District Judge

Dated: February 27, 2012